Erik A. Christiansen (USB No. 7372)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
echristiansen@parsonsbehle.com

Louis C. Schwartz (Georgia Bar No. 631057) (admitted *pro hac vice*)
SCHWARTZ & ASSOCIATES, P.C.
81 East Andrews Drive
Atlanta, Georgia 30305
Telephone: (918) 238-6445
lou.schwartz@snalawyers.com

*Attorneys for Plaintiff Parker LaChance*

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, NORTHERN DIVISION**

| | |
|---|---|
| PARKER LaCHANCE, individually and on behalf of all others similarly situated, and derivatively on behalf of Nominal Defendant TRUGOLF HOLDINGS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>TRUGOLF HOLDINGS, INC.; CHRISTOPHER JONES; B. SHAUN LIMBERS; HUMPHREY P. POLANEN; RILEY RUSSELL; AJ REDMER; HAYNIE & COMPANY; SANDTRAP OPPORTUNITIES LLC; ATW OPPORTUNITIES MASTER FUND II, L.P.; ATW PARTNERS OPPORTUNITIES MANAGEMENT, LLC; KERRY PROPPER; and ANTONIO RUIZ-GIMENEZ,<br><br>Defendants,<br><br>and | **STIPULATED MOTION FOR APPROVAL UNDER FED. R. CIV. P. 23.1(c) OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF COUNTS VI THROUGH VIII AS TO TRUGOLF AND THE INDIVIDUAL DEFENDANTS**<br><br>Case No. 1:26-cv-00119-JNP-CMR<br><br>Chief District Judge Jill N. Parrish<br><br>Chief Magistrate Judge Cecilia M. Romero |

| | |
|---|---|
| TRUGOLF HOLDINGS, INC., a Nevada corporation,<br><br>Nominal Defendant. | |

## RELIEF REQUESTED AND GROUNDS THEREFORE

Plaintiff Parker LaChance ("Plaintiff"), derivatively on behalf of Nominal Defendant TruGolf Holdings, Inc. ("TruGolf" or the "Company"), and Defendants TruGolf, Christopher Jones, B. Shaun Limbers, Humphrey P. Polanen, Riley Russell, and AJ Redmer (the "Individual Defendants," as defined in Complaint ¶ 19, and together with TruGolf, the "Stipulating Defendants") jointly move under Fed. R. Civ. P. 23.1(c) and 41(a)(2) for entry of the proposed order submitted with this motion (the "Order").

The Order would (1) approve the voluntary dismissal without prejudice of Counts VI through VIII (the "Derivative Claims"), as asserted against the Stipulating Defendants, for refiling in the Eighth Judicial District Court, Clark County, Nevada; (2) find that notice to shareholders is unnecessary; and (3) enter the parties' agreed terms governing tolling, demand futility, acceptance of service, consent to jurisdiction in the Nevada Court, and the treatment of the derivative claims in any release TruGolf grants to its directors and officers while those claims are pending.

## ARGUMENT

**A. The dismissal warrants approval under Rule 23.1(c).** The Stipulating Defendants contend that Article Ninth of TruGolf's Articles of Incorporation requires that the Derivative Claims be litigated in Clark County, Nevada. Plaintiff disputes that contention. Rather than litigate the question, the parties have agreed to move the Derivative Claims against the Stipulating Defendants to the forum the Stipulating Defendants identify, on terms that preserve those claims

in full, without prejudice and without consideration. This agreement requires the Court's approval because "[a] derivative action may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23.1(c).

The approval requirement protects the corporation and its absent shareholders. Notice and approval exist "to ensure that the dismissal of the derivative suit is in the best interests of the corporation and the absent stockholders." *Papilsky v. Berndt*, 466 F.2d 251, 258 (2d Cir. 1972). The dismissal here serves those interests. No claim is released or compromised, and no party receives consideration. The claims are tolled, are to be refiled within thirty days, and will be measured against TruGolf's board of directors as constituted when this action was filed. Paragraph 4 of the proposed order accompanying this motion requires any release TruGolf grants to a current or former director or officer to except the Reserved Derivative Claims, as defined therein, until they are finally resolved. The dismissal also avoids motion practice on forum in this Court, which conserves the resources of the Court, the Company, and its shareholders.

**B. Notice to shareholders is unnecessary.** Rule 23.1(c) requires that notice of a proposed voluntary dismissal "be given to shareholders or members in the manner that the court orders." Fed. R. Civ. P. 23.1(c). The Rule leaves the form of notice, and whether formal notice is warranted, to the Court. Notice protects shareholders against a dismissal that sacrifices the corporation's claims. This dismissal, however, sacrifices nothing: it is without prejudice, without consideration, and conditioned on tolling and refiling. Shareholders' interests are fully preserved, and the expense of formal notice would be borne by the Company without corresponding benefit.

**C. The terms are proper conditions of dismissal under Rule 41(a)(2).** A voluntary dismissal of derivative claims may be entered "only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). The parties' agreed terms are conditions of that kind.

**D. The Court should retain jurisdiction to enforce the Order.** A federal court has jurisdiction to enforce the terms of a dismissal where the dismissal order retains jurisdiction or incorporates those terms. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381-82 (1994). Paragraph 11 does both, and the parties further agree that the terms are enforceable in the Nevada Court.

## CONCLUSION

The parties respectfully request that the Court enter the Order submitted with this motion.

DATED: October 7, 2026.

*/s/ Erik A. Christiansen*

Erik A. Christiansen (USB No. 7372)
PARSONS BEHLE & LATIMER
201 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 532-1234
echristiansen@parsonsbehle.com

Louis C. Schwartz (Georgia Bar No. 631057)
(admitted *pro hac vice*)
SCHWARTZ & ASSOCIATES, P.C.
81 East Andrews Drive
Atlanta, Georgia 30305
Telephone: (918) 238-6445
lou.schwartz@snalawyers.com

*Attorneys for Plaintiff Parker LaChance*

/s/ Christopher J. Martinez
Christopher J. Martinez
Maryann Bauhs
DORSEY & WHITNEY LLP
111 South Main St., 21st Floor
Salt Lake City, Utah 84111
Telephone: (801) 933-7360
martinez.chris@dorsey.com
bauhs.maryann@dorsey.com

Koji F. Fukumura (admitted *pro hac vice*)
Ryan E. Blair (admitted *pro hac vice*)
COOLEY LLP
10265 Science Center Drive
San Diego, California 92121
Telephone: (858) 550-6000
kfukumura@cooley.com
rblair@cooley.com

*Attorneys for Defendants TruGolf Holdings, Inc., Christopher Jones, B. Shaun Limbers, Humphrey P. Polanen, Riley Russell, and AJ Redmer*

*Signed by counsel for Plaintiffs with permission obtain via email dated October 7, 2026.

**CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2026, I caused the foregoing to be filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Erik A. Christiansen*